**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)**

|  |  |
|---|---|
| **James Davis**<br>8212 Pembrook Ct.<br>Frederick, MD 21704<br> *Plaintiff*<br><br>v.<br><br>**DBG Property Management LLC, d/b/a Renters Warehouse**<br>9841 Broken Land Parkway, Suite 210<br>Columbia MD 21046<br>**Serve on**:<br>   Rebekah D. Lusk, Esq.<br>   113 E. Church St.<br>   Frederick, MD 21701<br>and<br><br>**Experian Information Solutions, Inc.**<br>505 City Parkway West<br>Orange County, CA 92668<br>**Serve on**:<br>   The Corporation Trust Incorporated<br>   2405 York Rd., Suite 201<br>   Lutherville Timonium, MD 21093<br>      *Defendants* |  |

_____

**COMPLAINT
&
REQUEST FOR JURY TRIAL**

Plaintiff James Davis, through his undersigned attorneys Ingmar Goldson and The Goldson Law Office, LLC and Joseph S. Mack hereby bring this Complaint and Request for Jury Trial against Defendants DBG Property Management LLC, d/b/a Renters

1

Warehouse ("DBG Property Management") and Experian Information Solutions, Inc. ("Experian"), and in support thereof states:

## I.   INTRODUCTION

1. This is an action filed under the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. §§ 1681 *et. seq.* relating to a false report by Defendant DBG Property Management to Defendant Experian that Plaintiff had not paid $3,500.00 in rent that he had, in fact, paid. Plaintiff disputed this fraudulent reporting, triggering a requirement under the FCRA for Defendant Experian and Defendant DBG Property Management to conduct reasonable investigations, which they failed to do, leaving the derogatory information on Plaintiff's rental history credit report, preventing him from renting a new home and causing numerous substantial consequences to Plaintiff.

## II.   PARTIES

2. Defendant DBG Property Management is a property management company and a furnisher as defined by the FCRA that regularly conducts business throughout Maryland, including in Montgomery County.

3. Experian is an Ohio corporation registered to do business in Maryland. Its principal office is 505 City Parkway West, Orange, CA 92668. Its registered agent in Maryland is The Corporation Trust, Incorporated, 2405 York Road, Suite 201, Lutherville, Timonium, MD 21093-2264.  Experian regularly conducts business throughout Maryland, including in Montgomery County.

4. Experian is a consumer reporting agency under 15 U.S.C. §1681a(f).

Case 1:20-cv-02097-GLR   Document 1   Filed 07/17/20   Page 3 of 11

5.      Defendant Experian has a division it calls "Experian RentBureau," which aggregates reports of alleged debts owed by consumers to landlords and property managers and, for a fee, makes that data available to landlords running a check on prospective tenants. These activities also qualify as the activities of a consumer reporting agency under 15 U.S.C. §1681a(f).

### III.     JURISDICTION AND VENUE

6.      This Court has jurisdiction over this matter because the operative events in this Complaint took place in Montgomery County, the Defendants regularly transact business in Maryland, and the Defendants have availed themselves of the jurisdiction of this Court.

7.      Plaintiff's claims against Defendants are brought pursuant to the FCRA. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. § 1343.

8.      Venue is proper in this District under 28 U.S.C. § 1391(b).

### IV.     STATEMENT OF FACTS

#### A. Plaintiff's Apartment

9.      In early 2018, Plaintiff rented a single-family home located at 18926 Impulse Lane, Gaithersburg, MD 20879 (the "Property") for residential purposes. The rent was $1,750.00 a month. Defendant DBG Property Management acted as a property manager for the home, and Plaintiff directly paid Defendant DBG Property Management the $1,750.00 security deposit and the rent for the first month.

10.     Plaintiff timely paid the security deposit and each month's rent, and lived at the Property without incident until he moved out on June 21, 2020, owing nothing.

3

11. Plaintiff intended to move into a new home in late 2019 and placed a rental application at a home he chose. However, his application was denied, and he was told it was because of a report provided by Defendant Experian through its Experian RentBureau division.

12. Plaintiff obtained a copy of his report from Experian RentBureau and discovered that Defendant DBG Property Management was claiming that he owed $3,5000.00 and had never paid any money for the Property, despite the fact that neither Defendant DBG Property Management nor the owner of the Property had ever asserted that he owed any money.

### B.  Plaintiff Files His First Dispute on December 30, 2019

13. On December 30, 2019, Plaintiff sent a dispute letter to Defendant Experian at the address provided for disputes for its Experian RentBureau reports, explaining that he had made all of the payments required of him under the lease for the Property and that the claim by Defendant DBG Property Management that he owed any money was false.

14. Upon information and belief, after receiving the Plaintiff's dispute letter, the Defendant Experian then forwarded the dispute letter to Defendant DBG Property Management.

15. In response to Plaintiff's December 30, 2019 dispute letter, Defendant Experian did not take any action to correct the false information in the disputed trade line from Plaintiff's credit report. Plaintiff suffered great hardship as a result of the refusal by Defendant Experian to remove the inaccurate information or comply with its obligations under the FRCA.

### C. Plaintiff Files an Additional Dispute on February 19, 2020

16. On February 18, 2020, Plaintiff obtained a new copy of his Experian RentBureau report that still falsely showed that he owed money to Defendant DBG Property Management and had not made any payments for the Property.

17. Desperate to improve his situation, Plaintiff decided to try again, sending a dispute letter to Defendant Experian on February 19, 2020 that again disputed the alleged debt.

18. Upon information and belief, after receiving the Plaintiff's second dispute letter, Defendant Experian then again forwarded the dispute letter to Defendant DBG Property Management.

19. Neither Defendant provided a response to the Plaintiff's February 19, 2020 dispute letter to Defendant Experian.

### D. Plaintiff Suffered Harm from Defendants' Noncompliance with the FCRA

20. Plaintiff suffered economic harm and emotional distress with physical manifestations as a direct result of the actions of both defendants.

21. Examples of economic harm include, but are not limited to: attorneys' fees, postage, wasted application fees, costs associated with purchasing a home when Plaintiff had been hoping to rent, and harm from keeping himself from the rental market.

22. Examples of emotional distress include, but are not limited to: anxiety and sleeplessness.

**Count One – Negligent Violation Fair Credit Reporting Act (FCRA)**
*15 U.S.C. §§ 1681 et. seq.*
(Against Defendant DBG Property Management)

23. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

24. The FCRA requires that a furnisher such as Defendant DBG Property Management, after receiving notice from a consumer reporting agency that a consumer disputes information that is being reported by that furnisher, conduct a reasonable investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the consumer reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other consumer reporting agencies to which the furnisher has provided the inaccurate information.

25. Defendant DBG Property Management reported inaccurate information to Defendant Experian, in violation of its duties to report accurate consumer information.

26. Plaintiff disputed the inaccurate information.

27. After Plaintiff first disputed the inaccurate information, Defendant DBG Property Management verified the damaging trade line as "accurate" and continued reporting the false, damaging information about Plaintiff.

28. 15 U.S.C. § 1681s-2 prohibits furnishers from reporting inaccurate information, and sets forth the furnisher's duty to investigate the completeness and accuracy of the information reported when the furnisher receives a dispute from a consumer.

29. After receiving notice by the Defendant Experian, as required by the FCRA, Defendant DBG Property Management engaged in conduct that violates 15 USC § 1681s-2(a), (b), by:

   a. failing to conduct investigations of the inaccurate information that Plaintiff disputed;

   b. failing to report the results of investigations to Defendant Experian;

   c. failing to report an accurate status of the inaccurate information to Defendant Experian, or by failing to delete the trade line because it was borne of fraud;

   d. failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all consumer reporting agencies concerning the inaccurate information disputed by Plaintiff;

   e. continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff to Defendant Experian; and

   f. failing to comply with the requirements imposed on furnishers of information pursuant to 15 USC § 1681s-2(a), (b).

30. Defendant DBG Property Management's conduct was a direct and proximate cause, as well as a substantial factor in causing serious and concrete injury and harm to the Plaintiff.

**Count Two – Willful Violation Fair Credit Reporting Act (FCRA)**
*15 U.S.C §§ 1681 et. seq.*
(Against Defendant DBG Property Management)

31. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

32. Each action by Defendant DBG Property Management described in Count One was willful.

33. The reporting by Defendant DBG Property Management was clearly incorrect, as it claimed that Plaintiff had lived at the Property for over a year, but had never paid anything and owed $3,500. Furnishing and refusing to correct such clear falsehood constitutes willful noncompliance by Defendant DBG Property Management.

34. With the disputes that he sent to Defendant Experian, Plaintiff complied with his duties under the FCRA, however, Defendant DBG Property Management continued to report the disputed trade line in violation of the FCRA.

35. Plaintiff is entitled to an order for statutory and punitive damages due to Defendant DBG Property Management's willful noncompliance of the FCRA pursuant to 15 U.S. Code § 1681n.

**Count Three – Negligent Violation Fair Credit Reporting Act (FCRA)**
*15 U.S.C §§ 1681 et. seq.*
(Against Defendant Experian)

36. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

37. The FCRA provides that if the completeness or accuracy of any item of information contained in a consumer's file at a credit reporting agency ("CRA") is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information

is inaccurate, or delete the item from the file within 30 days of receiving the consumer's dispute notice. 15 U.S.C. § 1681i(a)(2)(A).

38. The FCRA further requires the CRA, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the CRA to "include all relevant information regarding the dispute that the agency received from the consumer." 15 U.S.C. § 1681i(a)(2)(A). In conducting its reinvestigation of disputed information in a consumer report, the CRA is required to "review and consider all relevant information submitted by the consumer." Id.

39. Defendant Experian failed to conduct a reasonable reinvestigation of the inaccuracies that the Plaintiff disputed.

40. Defendant Experian failed to review and consider all relevant information submitted by Plaintiff.

41. As a direct and proximate result of the above-described violations of § 1681i of the FCRA, Plaintiff has sustained concrete and actual damages.

42. Despite receiving a dispute from the Plaintiff, Defendant Experian failed to correct the disputed erroneous information.

43. Defendant Experian failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information, and file, in violation of 15 USC § 1681e(b).

44. As a direct and proximate result of the above-described violations of § 1681e(b) of the FCRA, Plaintiff has sustained damages.

9

**Count Four – Willful Violation of Fair Credit Reporting Act (FCRA)**
15 U.S.C §§ 1681 et. seq.
(Against Defendant Experian)

45. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

46. Each action and inaction by Defendant Experian stated in Count Three was willful, insomuch as even a cursory review would have revealed that the alleged debt made no sense because it indicated that Plaintiff lived at the Property for over a year yet had paid no money and owed $3,500.00.

47. As a direct and proximate result of Defendant Experian's willful violations of the FCRA, the Plaintiff suffered concrete and actual damages.

48. Plaintiff is entitled to an order for statutory and punitive damages due to Defendant Experian's willful noncompliance of the FCRA pursuant to 15 U.S. Code § 1681n.

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in his favor and against Defendants for actual damages and losses (including economic and non-economic) in a sum in excess of $75,000; punitive damages for willful violations of the FCRA at an amount to be determined by a jury; costs and attorney's fees incurred by Plaintiff pursuant to the Fair Credit Reporting Act; and grant Plaintiff such other and further relief as this Court finds necessary and proper..

Respectfully submitted,

/s/ Ingmar Goldson_____
Ingmar Goldson
The Goldson Law Office
8737 Colesville Rd., Suite 308

        Silver Spring, MD 20910
        Tel. (240) 780-8829
        igoldson@goldsonlawoffice.com


        /s/ Joseph Mack_____
        Joseph Mack
        The Law Offices of Joseph S. Mack
        PO Box 65066
        Baltimore, MD 21209
        Tel. (443) 423-0464
        joseph@macklawonline.com

        ***Attorneys for Plaintiff***


## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all legal claims and disputed facts asserted herein.


        /s/Joseph Mack_____
        Joseph Mack